### LANE et al. v. ROSENBURG et al.

*(Superior Court of New York City, General Term. June, 1888.)*

CONVERSION—EVIDENCE.

    In an action for conversion of goods in which plaintiffs claimed a special property as factors, plaintiffs admitted that they had notified their consignors that they had sold the goods, but showed that their consignors refused to ratify the sale. But it appeared that plaintiffs persisted in claiming that the sale was *bona fide* and irrevocable; that the sale was a formal one, an account of it appearing on plaintiffs' books; that they permitted their vendee to sell and deliver the goods; that defendants, in good faith, bought the goods of plaintiffs' vendee, and paid him for them; and, though plaintiffs attempted to show that the sale was rescinded as between them and their vendee, no actual rescission was shown. Plaintiffs did not request submission to the jury. *Held,* that the trial court properly directed a verdict for defendants as it did not appear that plaintiffs had not parted with their special property, and the fact that their vendee made false reports to them after his sale to defendants was immaterial.

Appeal from jury term.

Action for conversion of personalty by Jonas H. Lane and another against Charles Rosenburg and another. Judgment on a verdict directed by the court for defendants, and plaintiffs appeal.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*M. W. Divine,* for appellants. *Richard T. Newcombe,* for respondents.

FREEDMAN, J. No error constituting ground for reversal appears to have been committed in the admission or exclusion of evidence, and the only remaining question is whether, upon the whole case, the verdict which was directed for the defendants was properly directed. The action was for conversion. To maintain it, the plaintiffs, under the circumstances of the case, were bound to show that they had not parted with their special property in the goods. The defendants denied the conversion, and claimed to have purchased the goods, in the regular course of their business, from one Charles D. Stearns. The goods had been consigned by the Shaw Glove Company to the plaintiffs for sale, and the plaintiffs, as factors, claimed a special property in them, for advances made by them. Upon the trial the plaintiffs admitted that they had notified the Shaw Glove Company, their consignors, that the goods had been sold by them to said Stearns; and they sought to overcome the force of that fact by showing that the company had refused to ratify the transaction. But it further appeared that notwithstanding such refusal the plaintiffs persisted in claiming, as against the company, that the sale had been a *bona fide* and irrevocable one, and that the company, if desirous to redeem, must redeem from Stearns, who would permit redemption upon certain conditions, which had been made part of the contract of sale. It also appeared that a formal sale was made by the plaintiffs to Stearns, who was a salesman in their employ; that the books of the plaintiffs contained an account showing such sale; that thereafter the plaintiffs permitted Stearns to sell and deliver the goods; that the defendants bought them from Stearns without knowledge of any claim thereto by the plaintiffs; that they paid for them to Stearns; and that they were led to believe, and had reason to believe, that the goods actually were the property of Stearns. One of the circumstances inducing such belief was a statement made to them by a stockholder in the Shaw Glove Company, who had been sent on by the company to endeavor to sell all the goods remaining in plaintiffs' hands for enough to pay the amount of the plaintiffs' claims for advances, and all commissions and charges, that Stearns had become the owner. To surmount the difficulties standing in the way of a recovery by reason of the facts stated, the plaintiffs then attempted to show that in consequence of the refusal of the company to ratify the transaction the sale was, as between themselves and Stearns, rescinded; but the testimony was insufficient to establish actual rescission. Upon the whole case, the evidence preponderated so much in favor of the defendants that if the case had been submitted to the jury, and their verdict had been in favor of the plaintiffs, such verdict would not be permitted to stand. Under these circumstances, the trial judge was justified in directing a verdict for the defendants, especially as the plaintiffs made no request to be allowed to go to the jury. For the reasons already stated, the additional fact that after the sale by Stearns to the defendants, and the payment made by them, Stearns made false reports to the plaintiffs, could not change the result. The judgment should be affirmed, with costs. All concur.